UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS SCOTT MILES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CV-96 RLW |
| ) | |
| CORIZON HEALTHCARE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Douglas Scott Miles, Jr. (registration no. 1182356), an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $161.98. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $809.93. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $161.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights against three defendants during his incarceration at Moberly Medical Center: Corizon Health Care; Dr. Paul Jones (Medical Director for Corizon, Jefferson City); and Nurse Geneen Wilhite (Director of Nursing, Jefferson City). He sues the defendants in their official and individual capacities. He alleges as follows.

Plaintiff claims that at the end of August 2015 he injured his back while playing basketball. A day later he began to feel discomfort in his lower back, so he went to medical for pain treatment. The next day, plaintiff claims he returned to medical and was provided X-rays, as well as ibuprofen on the continuing days. Plaintiff states that Dr. Jones told him after reviewing the X-rays that his spine was straight with no bone or tissue abnormality. Plaintiff states that after the pain continued through mid-October, when he finally saw Dr. Jones at that time, Dr. Jones agree to provide him with steroid injections to try to assist with the pain. Dr. Jones told plaintiff on this visit that nothing else could be done for him.

Plaintiff states that he returned to medical at the end of December 2015 with additional pain and discomfort in his back and Dr. Jones provided him with two additional steroid injections. Plaintiff states that the injections continued at an interval of every ten weeks for approximately one year. In December 2015, plaintiff claims that he sought an outside medical action, specifically an MRI. However, plaintiff asserts that he was denied access to the MRI at that time.

- 3 -

Plaintiff states that as a result of the denial of the MRI, he filed an IRR grieving the issue, and he pursued the grievance through the appeals process. He claims that eventually Dr. Jones was replaced with a "new doctor" who told plaintiff that the injections were doing "more harm than good" and he discontinued the injections. Plaintiff alleges that he was transferred to Algoa Correctional Center in February of 2017, where he was still experiencing back pain. Plaintiff does not indicate whether he sought treatment for the back pain at Algoa. He makes a conclusory statement without any factual assertions, however, that "Geneen Wilhite refused to allow me access to any further treatments or diagnosis." As noted above, plaintiff is currently incarcerated at Farmington Correctional Center.

Plaintiff seeks monetary damages of $1.5 million as well as injunctive relief in this action.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Furthermore, the instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to plaintiff's claims against defendants in their official capacities.

Even if plaintiff was still incarcerated at Moberly and was seeking specific and enforceable medical relief, which he is not, his claims would be subject to dismissal. First and foremost, when a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot. *See Gladson v. Iowa Department of*

*Corrections*, 551 F.3d 825, 835 (8th Cir.2009); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999). Furthermore, plaintiff has not alleged any facts in his complaint that would demonstrate the existence of a policy or custom that caused plaintiff a deprivation of his constitutional rights, let alone causally connected such facts to the defendants in the present lawsuit. See, e.g., *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Both Corizon and a local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Section 1983 may attach if the constitutional violation "resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff in a § 1983 can prove *Monell* liability against Corizon.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible...for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs

no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's conclusory allegations regarding his purported delay[1] in medical care for his back pain, simply do not demonstrate *Monell* liability under any of the aforementioned policy or custom definitions against defendant Corizon. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th

---

[1] Plaintiff does not allege that the brief delay in treatment was responsible for aggravating his back condition. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)). A delay as brief and as non-detrimental as plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's claims against Corizon and the Corizon individual defendants under the Eighth Amendment fail to state a claim upon which relief may be granted in their official capacities.

As for plaintiff's allegations against Dr. Paul Jones and Geneen Wilhite in their individual capacities, these claims also fail to state a claim under the Eighth Amendment. The Eighth Amendment protects plaintiff from a confinement that involves cruel and unusual punishment through deliberate indifference to his serious medical needs. Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

To prevail on a deliberate indifference claim, plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of but deliberately disregarded such need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).

Plaintiff admits in this lawsuit that he was treated by Dr. Jones for his back pain for well over a year. Although he states that he was later told by a different doctor that the steroid injections that Dr. Jones gave him for the back pain were not helping his pain, his mere disagreement with the treatment given by Dr. Jones does not state a constitutional claim in this action. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence,

and mere disagreement with treatment decisions does not rise to the level of a constitutional violation").

Additionally, plaintiff's assertion that while he was at Algoa that Geneen Wilhite "refused to allow me access to any further treatments or diagnosis," without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). This statement wholly lacks factual support and is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court cannot assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $161.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of May, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE